No. 04-634

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 291N

STATE OF MONTANA,

      Plaintiff and Respondent,

   v.

JOSHUA BITTIKOFER,

      Defendant and Appellant.

APPEAL FROM:    The District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. ADC 97-360,
Honorable Thomas M. McKittrick, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Lawrence LaFountain, Attorney at Law, Great Falls, Montana

      For Respondent:

          Honorable Mike McGrath, Attorney General; Jennifer Anders,
Assistant Attorney General, Helena, Montana

          Brant S. Light, County Attorney, Great Falls, Montana

Submitted on Briefs:  October 19, 2005

Decided:  November 22, 2005

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of nonciteable cases published in the Pacific Reporter and Montana Reports.

¶2     Joshua Bittikofer (Bittikofer) appeals from the judgment entered by the Eighth Judicial District Court, Cascade County, on its order revoking his suspended sentence and resentencing him on his conviction for felony sexual assault.  We affirm.

¶3     The issue before us is whether the District Court erred in denying street time credit toward Bittikofer's sentence.

BACKGROUND

¶4     In May of 1998, Bittikofer pleaded guilty to one count of felony sexual assault and the following month the District Court sentenced Bittikofer to the Montana Department of Corrections (DOC) for a term of eight years.  The sentence was suspended subject to Bittikofer's compliance with 22 conditions set forth in the sentencing order.  In May of 2004, the State of Montana (State) petitioned the District Court to revoke Bittikofer's suspended sentence based on a report of violations, as well as an addendum report, prepared by his probation officer alleging that Bittikofer violated a total of nine of his probation conditions.  Following an evidentiary hearing, the District Court determined Bittikofer had committed eight of the nine violations as alleged by the probation officer, including that he had been

2

terminated from his sex offender treatment program for noncompliance and he had unsupervised contact with a minor female. The court then scheduled the case for a dispositional hearing.

¶5 At the close of the dispositional hearing, the State recommended the District Court commit Bittikofer to the DOC for eight years with two years suspended. The State further recommended that the court not give Bittikofer credit for "street time," meaning time served in the community on probation. Bittikofer did not request that the District Court impose any specific sentence, but did request the court to credit his sentence with the time he spent on probation between his June of 1998 sentencing and October of 2003, when the first alleged probation violation occurred. The District Court orally sentenced Bittikofer to the DOC for eight years, with two years suspended, and credited the sentence with 85 days which Bittikofer spent in the county jail. The court refused to give Bittikofer any credit for street time. The District Court subsequently entered its written order and judgment revoking Bittikofer's suspended sentence and resentencing him in accordance with its prior oral pronouncement of sentence. Bittikofer appeals.

DISCUSSION

¶6 Did the District Court err in denying street time credit toward Bittikofer's sentence?

¶7 Section 46-18-203(7)(b), MCA, provides that

> [i]f a suspended or deferred sentence is revoked, the judge shall consider any elapsed time and either expressly allow all or part of the time as a credit against the sentence or reject all or part of the time as a credit. The judge shall state the reasons for the judge's determination in the order. Credit must be allowed for time served in a detention center or home arrest time already served.

Bittikofer contends that the District Court erred in denying him credit for street time because the court failed to set forth any reason for its refusal to grant him such credit as required by the above statute.

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that the appeal is without merit because there was no abuse of judicial discretion and the issues are clearly controlled by settled Montana law which the District Court correctly interpreted.

¶9 Here, the District Court's written order on the revocation and resentencing expressly stated that Bittikofer would be given credit toward his sentence for 85 days he spent in the county jail, but would not be given credit for street time. The court further expressly stated in its order that the reason for its sentence was Bittikofer's failure to comply with his probation conditions. As the District Court stated more specifically at the dispositional hearing:

> [W]hen we give an opportunity [such as a suspension of the entire eight-year sentence], we expect people to take advantage of it. And by taking advantage of an opportunity, it means following all the conditions to a T. This is not a game where following part of the conditions is acceptable or following all the conditions some of the time. It means you've got to follow the conditions all the time. It's for your benefit, but equally or more important, it's for the community's benefit.

¶10 We conclude that the District Court satisfied the requirements of § 46-18-203(7)(b), MCA. We hold, therefore, that the District Court did not err in denying street time credit toward Bittikofer's sentence.

4

¶11    Affirmed.


                                              /S/ KARLA M. GRAY


We concur:

/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ BRIAN MORRIS
/S/ JIM RICE